July 26, 2015

21,577

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 03 2015

Abel Acosta, Clerk

Abel Acosta, Clerk
Tx. Court of Crim. Appeals
201 W. 14th St., Rm. 106
Austin, Texas 78701

In Re: Ex Parte Wm. E. Johnson, Writ No. _____

To The Hon. Abel Acosta, Clerk:

As it seems my Art. 11.07 Writ of Habeas Corpus has not been presented to the Court from Williamson County within the 35 day time set by Law (Sent May 13, 2015 to Court) I hereby file my "Writ of Exigent Release & Prohibition" for immediate Court review. I will file for Default Judgment on the Writ. Leave & I.F.P. Requests included.

I did receive the letter of July 20th from yourself on this matter so pray the Art. 11.07 Writ is now on file. Please so apprise me. This filing affects my liberty. Thank you.

Respectfully submitted,
/s/ Wm E. Johnson
William E. Johnson   493576
C.T. Terrell Unit
1300 F.M. 655
Rosharon, Texas 77583

EX PARTE        §

WILLIAM E. JOHNSON    §    WRIT NO. _____

       Petitioner §

## MOTION REQUESTING LEAVE TO FILE

BEFORE THE COURT:

   COMES WILLIAM E. JOHNSON, Petitioner Pro Se, and files his "Motion Requesting Leave To File" only an original copy of all pleadings and documents on issues relating to his Art. 11.07 Writ of Habeas Corpus filed pursuant to new Constitutional violation, and, previously unadjudicated Constitutional violations that have kept Petitioner illegally imprisoned and deprived of his liberty for 27 years.

   Petitioner is indigent and destitute by the illegal acts of the State by way of an 18 U.S.C. §241 violation for Official Oppression and Kidnapping where his illegal imprisonment bars him from any employment to earn funds to buy sufficient quantity of materials to produce and mail documents. T.D.C.J. records will reflect that through the major time period of his illegal re-incarceration Petitioner has, and is, depending on the Prison system

①

Indigent Mail program to get his documents before the Court. Petitioner has to borrow paper in many instances where the prison system fails to abide by law and federal court decree.

Petitioner files at all times under *Haines v. Kerner,* (cite omitted) S.Ct. (1972) as not a legal professional nor one so trained so should not be held to the same standards.

WHEREFORE, Petitioner so prays the Court GRANT him his request for leave to file all documents in only the original draft form for review and decision by the Court.

Respectfully submitted,

/s/ Wm. E. Johnson

William E. Johnson 493576

C.J. Terrell Unit

1300 F.M. 655

Rosharon, Texas 77583

# COURT OF CRIMINAL APPEALS
## OF TEXAS

EX PARTE §

WILLIAM E. JOHNSON, § WRIT. NO. _____

Petitioner §


## MOTION REQUESTING TO PROCEED
## IN FORMA PAUPERIS


BEFORE THE COURT:

COMES WILLIAM E. JOHNSON, Petitioner Pro Se, and files his "Motion Requesting To Proceed In Forma Pauperis" in this and all matters relating to his present Art. 11.07 Writ of Habeas Corpus that should be on file as of June 30, 2015.

Petitioner states that he is without funds to pay any filing fees due to his illegal re-imprisonment on an expired sentence-of-record. Petitioner avers that he is without bank account, trust, bonds, real estate and, as of last account in April, 2014, had a sum of $18.39 in the Greater Texas Federal Credit Union. Petitioner states he receives funds from time to time in the form of support from his family who understands he is illegally imprisoned but has no prior notice when funds are to be sent.

Petitioner further avers that had it been possible he would pay any court filing fees,

①

yet his illegal destitute status prevents this action.

WHEREFORE, Petitioner so prays the Court to allow Petitioner to proceed In Forma Pauperis and without pre-payment of filing fees that filing of his "Writ of Exigent Release" might so incur.

Respectfully submitted,
/s/ Wm E Johnson
William E Johnson 493576
Petitioner Pro Se.

## UNSWORN DECLARATION

I, William E Johnson, T.D.C. No. 493576, being presently illegally confined of his liberty by the T.D.C.J.-I.D at the C.J. Terrell Unit at 1300 FM 655, Rosharon, Texas 77583 in Brazoria County, in violation of 18 U.S.C. §241, declares under penalty of perjury the foregoing document is true and correct to the best of my knowledge.

Signed this the 26th day of July, 2015

/s/ Wm E Johnson
AFFIANT

# COURT OF CRIMINAL APPEALS,
## OF TEXAS

EX PARTE       §

WILLIAM E. JOHNSON,     §     WRIT NO._____

        Petitioner.    §

## WRIT OF EXIGENT RELEASE
## AND PROHIBITION

**BEFORE THE COURT:**

COMES WILLIAM E. JOHNSON, Petitioner pro-se, and files his "Writ of Exigent Release & Prohibition" in the above styled cause, having yet to receive any new Writ of Habeas Corpus case number from the Clerk of the Court. Petitioner is illegally restrained of his liberty on an expired sentence-of-record out of Williamson County, Texas, Judge Donna King with knowledge of this Fact, said conviction ended August 2, 2013. (See C.C.A. Record Writ No. WR-21,577-01, 1990). Judge King Denied Petitioner's "Petition For Release", filed on or about May 18, 2015 along with Petitioner's successive Art. 11.07 Writ on New issue of Law, and, previously unadjudicated issues by this Court.

By Law, Respondant's have lost right to file any answer to Art. 11.07 Writ as being a month overdue beyond the 35 day limit set by Law.

1.

## JURISDICTION

The Court has jurisdiction pursuant to the Texas Constitution, Art. 5 §5, and, the ALL WRITS Act to review on issues attached to Writ of Habeas Corpus.

## SPECIAL POINTS OF LAW

Two points of Law are to be noted. (1) Petitioner's conviction was expired by 1 year and 3 weeks when illegally arrested on a bogus "Blue Warrant", &, (2) Petitioner's Writ of Habeas Corpus <u>was</u> received by the Clerk of the Court, Lisa David on or about May 18th or 19th, 2015, to be in the Court of Criminal Appeals about June 25-30th, 2015, yet pursuant to the Letter of July 20, 2015, from Abel Acosta, Clerk, NO Writ is on file. Petitioner received "State's Answer & Order" of July 6, 2015 on July 13, 2015, and enter his challenge to this Court.

By Law, the "State's Answer & Order" should be summarily Dismissed.

## ISSUE

PETITIONER IS ILLEGALLY INCARCERATED WITH NO CONVICTION THAT IS BEING CHALLENGED AND MANY STATE, LEGAL AND JUDICIAL OFFICIALS ARE NOW KNOWLEDGEABLE OF.

20.

## ARGUMENT & AUTHORITIES

Many issues of violation of Law are in play that have worked to keep Petitioner illegally imprisoned in violation of the Texas Constitution, Art. 1, §19. The T.D.C.J.-I.D. and Parole Division, in violation of the Tx. Const. Art. 2, Separation-of-Powers Doctrine (U.S.C. Art.s 1, 2 & 3) by illegally, with NO Judicial authority, added Time to the end of Petitioner's Court-imposed sentence. NO Due Process of Law occurred, no offense charged, no trial held. Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000); Sandin v. Connor, 515 U.S. 472, 115 S.Ct. 2293 (1995); U.S.C.A. 5 & 14.

"Due Process of Law is intended to secure the citizens against any arbitrary depriviation by the government, be it State or Federal, of Rights relating to life, liberty (emphasis added) or property" (Dent v W. Virginia, 129 U.S. 114, 9 S.Ct. 231 (1889)) and Petitioner has been deprived of his liberty and due process where government engaged in conduct, intentionally and willfully, that is so outragious that it shocks the universal sense of justice embodied in the Fifth and Fourteenth Amendments. (U.S. v. Johnson, 818 F.Supp. 1004 (S.D. Tex. 1993)); U.S. v. Mauisker, 557 F.3D 219 (5th Cir. (Tex) 2009).

In 1976 the Texas Legislature intentionally, as with all laws, placed a legal "loophole" in the Law governing Texas Parole system in the event

3.

the Law was ever applied to them. (Source to be revealed at trial for suit). Art. 2 of the Texas Constitution, and, Art.s 1, 2, & 3, of the United States Constitution strictly prohibits the State Legislature from enacting [any] Law that gives the power of one branch of the Texas government to another branch "except where expressly specified by the Constitution". The Executive branch, under which the T.D.C.J. lies, has only 2 such exceptions (1) Legislative Veto, and, (2) Judicial pardon.

NO WHERE IS THE T.D.C.J. system EMPOWERED UNDER THE CONSTITUTION TO [ADD] TIME TO ANY SENTENCE IMPOSED BY THE JUDICIARY OF THE STATE OF TEXAS. ONLY THE COURTS MAY SET SENTENCE AND TERM THEREOF. (Tx. Const., Art. 5 § 8) Supremacy Clause applies.

Petitioner did "MANDATORY RELEASE" on Oct. 1, 1997, and twice released by the Texas Supreme Court in both 2004 and again on June 8, 2011, on bogus revocations. At NO time did Petitioner sign away [any accrued] "Good Time" or "Street Time", at ALL times on release under Texas's "Mandatory Supervision Release" scheme so should NEVER have been reimprisoned, with NO new charge being alleged or charged. (Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593 (1972)(dissenting opinion);

4.

*Teague v. Quarterman*, 482 F.3d 769 (5th Cir. (Tex) 2007); *Coleman v. Dretke*, 395 F.3d 216 (5th Cir. (Tex) 2004); *Richards v. Dretke*, 394 F.3d 291 (5th Cir. (Tex) 2004)).

Petitioner has requested ALL his "street time" under "Mandatory Supervision Release", i.e., "Time served on Mandatory Supervision Release [MS] calculated as calendar time." (Art. 42.12 U.C.C.P. 65th Legis., Acts 1977; Tx. Govt. Code § 508.148(b))" be credited back to him by T.D.C.J. and DENIED in violation of *Teague*, *Coleman*, ζ, *Richards*, supra.

The T.D.C.J. Time Calculation Division holds they are applying Tx. Govt. Code § 508:283 on taking of "street time". Here again, this is a Constitutional violation as to so do would be RETROACTIVELY applying Law where said Law [WAS NOT] on the books nor even a law as of July 1, 1987, date of Petitioner's "alleged" (never proven) offense. The GRANDFATHER CLAUSE applies as does the SUPREMACY Clause.

Art. 1 § 16 specifically states "NO Bill of Attainder, Ex Post Facto Law, _Retroactive Law_, _nor_ any law that impairs the obligation of contracts, [SHALL] be made." Tx. Const. Art. 1 § 16; U.S. Const., Art. 1, § 9, cl. 3, ζ, § 10, cl. 1. There are NO if's, and's or but's in the wording of the Law. The Constitution _is_ the Supreme Law of Texas. Petitioner should be immediately Ordered released.

5.

## CONCLUSION

As it is plain that a 25 year sentence started on August 3, 1988 for 25 years clearly expired August 2, 2013 at midnight (26th District Court, Williamson Co., cause No. 88-405-K) then extending said sentence illegally violates the bogus "plea contract" per Art. 1 §16, "nor impair the obligation of contracts" to the point of making it (Contract) null and void. This was a 25 year "contract", not a 27 year.

This Court had the opportunity, in the early 90's, to rule on the Judge's act of DENYING Petitioner's "Motion For Jury Trial", but refused to rule on the judicial impropriaty ground thereby making Petitioner suffer agregious harm and mental suffering ever since. The Court now has a chance to correct a portion of this error at present. Petitioner's §1983 on file will do the rest.

Judge King's knowledge of the facts of the illegal imprisonment and denial of release constitutes a Judicial Canon violation now brought to this Court's attention and will be noted to the Commission on Judicial Conduct for action.

## PRAYER.

WHEREFORE, Petitioner so prays the Court, upon review of the facts and law herein stipulated, to immediately GRANT him this Writ of Release to immediately cease any further violations of his

6.

civil rights. Petitioner request Copies Warrant be issued and served on the Warden of the C.T. Terrill Unit in Rosharon, Texas, by Court officers to bring Petitioner before the Court for release and Protective Order against the State, T.D.C.J. system in full, and, any and all law enforcement agencies of the State of Texas in regards to any matter or application of Retroactive Laws as applied to Petitioner.

Petitioner will reside at 2104 Rosemary Lane, Round Rock, Texas 78664 upon release until all legal and matters of suit are final. Petitioner requesteth immediate relief in this matter. Published opinion requested.

Respectfully submitted,
/s/ Wm. E. Johnson
William E. Johnson 493526
C.T. Terrell Unit
1300 F.M. 655
Rosharon, Texas 77583

7.

## UNSWORN DECLARATION

I, William E. Johnson, T.D.C No. 493574, being presently illegally restrained of my liberty in violation of 18 U.S.C. §241 at the T.D.C.J. - I.D. C.T. Terrell Unit located at 1300 FM 655, Rosharon, Texas 77583 in Brazoria County, declares under penalty of perjury that the foregoing documents are true and correct to the best of my knowledge.

Signed this the 26th day of July, 2015

/s/ Wm E Johnson
AFFIANT